MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Jessica Dent, Bar No. 318216
Jessica.dent@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
CVS PHARMACY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR BEHBOUDI, an individual, for himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation; and DOES 1-50 inclusive,<br><br>Defendant. | Case No.: 3:20-cv-06333<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>State Case No.: CGC-20-585042<br><br>State Complaint Filed:   June 25, 2020<br><br>State Action Served:   August 7, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CVS Pharmacy, Inc. ("Defendant"), hereby removes the state court action described below to this the United States District Court for the Northern District of California. Removal is warranted under 28 U.S.C. §§ 1441(a)-(b), and 1446 because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and (d). Defendant provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## I.     PROCEDURAL BACKGROUND

1. On June 25, 2020 Plaintiff Amir Behboudi ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of San Francisco, entitled *Amir Behboudi, an individual, for himself and all others similarly situated, v. CVS PHARMACY, INC., a Rhode Island Corporation and Does 1-50*, Case No. CGC-20-585042 (the "Complaint").

2. On August 7, 2020, Plaintiff served Defendant CVS Pharmacy, Inc. with a copy of Plaintiff's Complaint, Summons, and accompanying case initiation documents. A copy of Plaintiff's Complaint, Summons and accompanying case initiation documents is attached as **Exhibit A** to the Declaration of Jennifer Zargarof ("Zargarof Decl."), concurrently filed herewith.

3. On September 4, 2020, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of San Francisco. A copy of Defendant's Answer is attached as **Exhibit B** to the Zargarof Decl., concurrently filed herewith.

4. Plaintiff was employed at a CVS pharmacy as a non-exempt employee and brought a putative class action on behalf of "all others employed by CVS as pharmacists, or the functional equivalent however titled, in California..." Zargarof Decl., Ex. A, Complaint ("Compl.") ¶¶ 3,26. Plaintiff claims that he and alleged putative class members were not permitted off-duty meal and rest breaks, were not reimbursed for all necessary business expenses,

were not provided with accurate wage statements, and were not timely paid earned wages at the time of termination. *Id.* ¶¶ 15-25.

5. Plaintiff alleges the following violations in six causes of action against Defendants: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Breaks (3) Failure to Reimburse Business Expenses; (4) Itemized Wage Statement Violations; (5) Waiting Time Penalties; and (6) Violation of the California Unfair Competition Law. *Id*. ¶¶ 33-66.

## II.  REMOVAL IS TIMELY

6. Defendant CVS Pharmacy, Inc. was served with the Summons and Complaint on August 7, 2020. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III.  THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

7. Plaintiff was employed at a CVS pharmacy as a non-exempt employee and brought a putative class action on behalf of "all others employed by" Defendant as "pharmacists, or the functional equivalent however titled in California" under Cal. Code Civ. Proc. § 382, and behalf of a subclass of "all class members who employment by CVS was or is terminated during the period beginning four years prior to the filing of this action…". *See* Zargarof Decl., Ex. A, Compl. ¶¶ 3, 26-27. Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, are entitled to the relief requested. However, based on Plaintiff's allegations in the Complaint and his respective prayer for relief, all

requirements for jurisdiction under CAFA have been met.[1]  Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A.  The Proposed Class Contains At Least 100 Members.

8.  Plaintiff asserts claims on behalf himself and "all others employed by" Defendant as "pharmacists, or the functional equivalent however titled in California" under Cal. Code Civ. Proc. § 382.  *See* Zargarof Decl., Ex. A, Compl. ¶¶ 3, 26.  A review of CVS' records shows that, based on Plaintiff's definition, the proposed class contains well over 100 current and former employees.  Zargarof Decl., ¶ 8.

### B.  Diversity of Citizenship Exists.

9.  To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

10.  "An individual is a citizen of the state in which he is domiciled . . . ."  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v.*

---

[1] Defendant does not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.  Indeed, Plaintiff's claims are subject to binding arbitration, including a class action waiver.  Further, Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

*Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

11. Plaintiff admits that he has resided in California at all relevant times and alleges worked for Defendant in California. Zargarof Decl., Ex. A, Compl. ¶ 5. The Complaint does not allege any alternate state citizenship. CVS' records show that Plaintiff's last known address is in California. Zargarof Decl. ¶ 6. Therefore, the Plaintiff is a citizen of California for diversity jurisdiction purposes.

12. Moreover, Plaintiff has brought claims on behalf of alleged putative class members who worked for Defendant as non-exempt pharmacist in California. Zargarof Decl., Ex. A, Compl. ¶ 3, 26. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

13. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

14. CVS Pharmacy, Inc. is now, and was at the time Plaintiff filed the Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island. Zargarof Decl., ¶ 5. CVS Pharmacy Inc.'s corporate decisions are generally made in Woonsocket, Rhode Island, including its operational, executive, administrative, and policymaking decisions. *Id.* The majority of CVS Pharmacy, Inc.'s executive officers principally conduct their business from headquarters in Rhode Island. *Id.* Thus, at all times relevant hereto, CVS Pharmacy, Inc. has been a citizen of Rhode Island, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

15. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1 through 50" named in the Complaint is therefore immaterial with respect to removal.

16. Because Plaintiff is, and was at the time he filed the Complaint, a citizen of California; because CVS Pharmacy, Inc. is, and was at the time Plaintiff filed the Complaint, a citizen of Rhode Island; diversity of citizenship exists between the parties and existed at the time the Complaint was filed, diversity of citizenship is satisfied and diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**C.   The Amount In Controversy Exceeds $5 Million.**

17. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

18. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

19. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v.*

*Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.").

20.   Although Defendant denies Plaintiff's factual allegations and denies that he or the class he seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have "more likely than not" put into controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

### 1. **Demonstrating The Amount In Controversy.**

21.   Plaintiff seeks to represent all employees of Defendant who "all others employed by CVS as pharmacists, or the functional equivalent however titled, in California..." Zargarof Decl., Ex. A, Compl. ¶ 3, 26. Plaintiff further alleges that his claims "are typical of the claims of class members" (*Id.* ¶ 29) and seeks, among other things, compensatory damages, liquidated damages, restitution, penalties, injunctive relief, and attorneys' fees, costs and interest. *Id.*, Prayer for Relief ¶¶ 1-12.

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member are entitled to recover any of the penalties they seek in the Complaint. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

a. **Plaintiff's Fifth Cause of Action For "Waiting Time Penalties" Puts More Than $5,000,000 in Controversy.**

22. Plaintiff alleges that Defendant "systematically and willfully failed to pay the Terminated Plaintiff [missed meal and rest break premiums] upon discharge" *Id.* ¶ 61. Under California Labor Code § 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days. Cal. Labor Code § 203.

23. According to CVS' records, of the individuals who fall within Plaintiff's class definition (i.e., pharmacists at CVS stores), at least 1,700 are former employees, *i.e.*, potentially entitled to waiting time penalties pursuant to Cal. Labor Code § 203. *Id*. The weighted average hourly rate of pay for individuals within Plaintiff's class definition is $63.27. *Id*. As such, the amount in controversy by Plaintiff's cause of action for Failure to Pay Wages Due At Termination can be calculated as follows:

**$63.27 per hour * 8 hours per day * 30 days * 1,700 individuals = $25,814,160.**

24. Thus, Plaintiff's cause of action for Waiting Time Penalties alone puts over $5 million at issue, thereby satisfying the CAFA's amount in controversy requirement.

b. **Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.**

25. In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied. Plaintiff's First, Second, Third, and Fourth Causes of Action all place additional amounts in controversy. Plaintiff's First and Second Causes of Action for Failure to Provide Meal Periods and Failure to Provide Rest Breaks allege that Defendant failed to authorize and permit off-duty meal or rest breaks or to pay the premium compensation due for missed meal or rest breaks, and therefore, Plaintiff and the putative class members are entitled to "additional compensation" and "damages" authorized by law." *Id.* ¶¶ 33-48.

26. Plaintiff's Third Cause of Action for Failure to Reimburse Business expenses alleges that Plaintiff's traveled and used their personal cell phones in the discharge of Plaintiff's

duties, and therefore, Plaintiff and the putative class members are entitled to "reimbursement of these and all necessary business expenditures [Plaintiff's] incurred in the discharge of their duties..." *Id.* ¶¶ 20-21, 49-53.

27. Plaintiff's Fourth Cause of Action for Itemized Wage Statement Violations alleges that Defendant failed to provide Plaintiff and putative class members with accurate wage statements, and as a result, Plaintiff and putative class members "are entitled to recover damages and/or penalties…" *Id.* ¶¶ 57-58. Plaintiff's allegations place in controversy every single wage statement received by Defendant's employees during the statute of limitations period of a wage statement claim (one year from date of filing of this lawsuit to present) because Plaintiff alleges that the wage statements provided by Defendant did not contain an accurate reflection of employees' wages earned. Plaintiff place no limitations on these allegations.

28. Additionally, Plaintiff seeks recovery of attorneys' fees. Zargarof Decl., Ex. A Compl., Prayer ¶ 11. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn.

29. Defendant denies Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendant has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendant notes that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

## IV. VENUE

30. This action was originally filed in the Superior Court for the County of San Francisco. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

31. Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

32. Based on the foregoing, Defendant request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully request the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

Dated: September 8, 2020                                    MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Jennifer B. Zargarof*
Jennifer B. Zargarof
Jessica Dent
Attorneys for Defendant
CVS PHARMACY, INC.